UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE L. SMITH,

    Plaintiff,

v.                                Case No. 3:22cv23537-MCR-HTC

DR. MERRIAN, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Tyrone L. Smith, a prisoner proceeding *pro se* and prolific litigant, has filed a handwritten civil rights complaint purporting to assert claims under 42 U.S.C. § 1983, ECF Doc. 1.  Plaintiff did not pay the filing fee.  Instead, Plaintiff filed a handwritten document entitled "seeking leave of the court to proceed in forma pauperis, motion to show that life is in imminent danger in the Florida Department of Corrections at Santa Rosa CI – Annex."  ECF Doc. 2.  Upon review, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee and has not shown he is in imminent danger of serious physical injury.

## I.   BACKGROUND

As an initial matter, Plaintiff's 10-page handwritten complaint is mostly illegible and very difficult follow.  From what the Court can discern, Plaintiff—a self-proclaimed "mental patient registered with the Social Security Administration since 02/01/01", is currently incarcerated at the Santa Rosa Correctional Institution ["Santa Rosa C.I."] Annex and brings this action seeking to assert claims against the institution, warden, assistant warden, mail room clerk, multiple correctional officers, and medical personnel for violating his due process and equal protection rights under the Fourteenth Amendment.  ECF Doc. 1.  While Plaintiff's complaint and motion contain a host of various allegations, the gist of his claims is that prison officials, state and federal judges, and even high-ranking Florida executives are all working in concert to try to "keep [him] forever hidden" in the Florida Department of Corrections ("'FDOC") and/or kill him to prevent him from pursuing a state-court appeal.[1]  ECF Docs. 1 at 4 & 2 at 1.

Specifically, Plaintiff's complaint contains the following pertinent allegations (some of which are also set out in the motion), and none of which show Plaintiff is under a serious risk of imminent physical harm:[2]

---

[1] Although Plaintiff has at least twenty cases filed in the First District Court of Appeal, he specifically cites to *Smith v. Santa Rosa C.I.*, No. 1D22-438 (Fla. 1st DCA), which was dismissed on November 2, 2022.

[2] The Court has not attempted to regurgitate the entirety of Plaintiff's complaint and has included only those parts which the Court could read and which pertain to whether Plaintiff has established imminent harm.

On October 4, 2022, Plaintiff "declared a psychological emergency." ECF Doc. 2 at 1. "After mental health intervention, [he] was referred to crisis stabilization, but transport illegally changed [Plaintiff's] transport order from Lake Butler Reception [and] Medical Center to Santa Rosa C.I. where in 2017 [Plaintiff] filed (5) 42 U.S.C. § 1983 complaints against prison officials for abuse, neglect, [and] starvation." *Id.* Those complaints were "fraudulently dismissed," although, according to Plaintiff, they are now on appeal before the First District Court of Appeal of Florida. *Id.*

On October 14, 2022, Plaintiff "was headed to a down south crisis stabilization" when "Cpt. Ragan[3] intercepted the route in order to force [him] to an institution that in 2016, [Plaintiff] defaulted a 42 U.S.C. § 1983 against Off. Scott . . . in his official/individual capacities [b]ut the presiding Judge fraudulently dismissed the complaint to save prison officials some money." *Id.* "In 2021, [Plaintiff] filed a motion requesting that the Judge rescind that fraudulent order, prompting off . . . Cpt. Ragan to act once at Suwannee C.I." *Id.*

Plaintiff alleges "the reason [he] was forced back to Santa Rosa C.I. on 10/14/22 [was] to be starved [and] intimidated not to process the appeal of fraudulently dismissed 42 U.S.C. § 1983 complaints" pending before the First District Court of Appeal. ECF Doc. 1 at 3. After Plaintiff was "forced back to Santa

---

[3] Cpt. Ragan is not named as a defendant in the present action.

Case No. 3:22cv23537-MCR-HTC

Rosa C.I." on October 14, 2022, he was "deceived that they had a crisis stabilization unit, starved again on [October 20, 2022]," and was "continually denied access to their law library [and] indigent legal supplies." ECF Doc. 2 at 1. Plaintiff "knew for a fact that Santa Rosa C.I. did not have a crisis stabilization unit, because from Dec. 11th, 2017 through Feb. 28th, 2018 while falsely imprisoned at Santa Rosa C.I.–Annex, [Plaintiff] was illegally held in self-harm observation status for (79) straight days while corrections staff starved [him] continually." ECF Doc. 1 at 2. As a result of being brought to Santa Rosa C.I. and being starved on October 20, 2022, Plaintiff missed his deadline to file an amended brief in the appeal of his "fraudulently dismissed" lawsuits. *Id.* at 3; ECF Doc. 2 at 1.

Additionally, Plaintiff claims "security has continued to solicit favors from other inmates to try and have [him] stabbed during group therapy." ECF Doc. 2 at 1. Although Plaintiff complained to Defendant Dr. Sherrell that he was "in fear of staff" and in "fear for [his] life and safety, Dr. Sherrell "continued to deceive [Plaintiff]" and to try to encourage him to leave his cell. ECF Doc. 1 at 3. Plaintiff told Dr. Sherrell "that [he] didn't feel comfortable coming out of [his] cell to participate in group therapy around these officers because of the appeal of the aforementioned lawsuits" and because "correctional staff were instigating the other similarly situated inmates against [Plaintiff] to stab [him] to prevent [him] from processing that appeal." *Id.* Instead of reporting "the abuse," Plaintiff asserts "Dr.

Sherrell was openly conspiring with security to have [Plaintiff] stabbed to prevent civil/criminal prosecution for his own negligence." *Id.* Defendant Dr. Merrian "allowed three correctional officers to fabricate four disciplinary reports against [Plaintiff] in order to intimidate [him] out of reporting her civil/criminal negligence." *Id.* She did so knowing "that a clinical interview . . . was mandatory before any formal disciplinary action could be taken against a diagnosed mental patient." *Id.* Defendant "Dr. Alexander has walked by [Plaintiff] daily since 10/14/22, negligent to report [Plaintiff's] false imprisonment." *Id.* Plaintiff claims all three psychiatrists knew he was "illegally arrested [] on 07/01/03" leading him "to be falsely imprisoned in the Florida Department of Corrections at Santa Rosa C.I. Annex." *Id.*

Defendant Warden Leavins was also informed of Plaintiff's alleged false imprisonment and "illegal seizure" through multiple grievances. *Id.* Specifically, Plaintiff had told Warden Leavins that he did not have authority to detain Plaintiff, but Warden Leavins and the other Defendants "continued to try to make [Plaintiff] follow rules of the department that don't lawfully govern [Plaintiff]." *Id.* at 3–4. Defendants Lt. Beem, Mr. Cade, and Ms. McKnight also "continue to attempt to trick [Plaintiff] out of [his] cell to be forced to another unauthorized housing unit at Santa Rosa C.I. Annex to be starved [and] abused again." *Id.* at 4.[4] "Lt. Beem, Sgt.

---

[4] Plaintiff also alleges that he "defaulted a 42 U.S.C. § 1983 against Florida Governor (Ron DeSantis)" in a case that was "illegally transferred" from the Third to the Fourth Judicial Circuit

Dufrene, Major McCraine, [and] Off. Wurzler <u>All</u> discriminated against [Plaintiff], harassed [him], and intimidated [him]." *Id.* at 5 (emphasis in original). Defendant Wurzler, in particular, "would come to [Plaintiff's] cell door [and] threaten [him], harass [him], verbally abuse [him]," and despite Plaintiff telling Defendant Wurzler "to please leave me alone," Defendant Wurzler "would <u>not</u> stop coming" to Plaintiff's cell to harass and threaten him and "even started food intimidation." *Id.* at 7 (emphasis in original).

Also, "while falsely imprisoned at Santa Rosa C.I. – Annex, between 10/14/22 through the mailing of this complaint, Sgt. Dufrene worked in Q-dorm mental health unit at Santa Rosa C.I. – Annex to ensure that [Plaintiff] received <u>no</u> services, participation in available activities, or programs[.]  He told [Plaintiff] on Saturday 11/5/22 that [he] would never watch T.V. programming in Q-dorm as long as [Plaintiff] was falsely imprisoned there."  *Id.* at 6 (emphasis in original).  Also, between October 17, 2022, and November 4, 2022, "certain corrections staff fabricated rule infractions against [Plaintiff]."  Defendant "Asst. Warden Pittman

---

Court of Florida, "where a defendant is a Judge, the same Judge that illegally . . . barred [Plaintiff] from any future pro se filings with that court to keep [Plaintiff] forever hidden in the Fla. Dept. of Corrections." ECF Doc. 1 at 4.  The same lawsuit also named as a defendant former Secretary of the FDOC, Mark Inch, who "resigned from the FDOC that same exact month" when the complaint was ordered to be served.  *Id.*  Plaintiff further claims he "had to file a complaint to the Fla. Judicial Qualifications Commission against Judge [Paul] Bryan for unethical conduct.  The defendant has had [Plaintiff] transferred to nine different institutions in just (17) months, attempting retaliation, and trying to have [him] stabbed and killed."  Governor DeSantis, Former Secretary Inch, and Judge Bryan are not named in the present complaint.

Case No. 3:22cv23537-MCR-HTC

knew for sure that per Florida [law] he did <u>not</u> have lawful custody of [Plaintiff], so his rules didn't govern [Plaintiff], but once [Plaintiff] grieved the fabricated disciplinary reports [Defendant Pittman] didn't follow . . . [the] disciplinary rules for diagnosed mentally ill inmates." *Id.* (emphasis in original). Plaintiff, however, "continued to attempt to contact outside investigatory authorities, to report the abuse(s), and false imprisonment too, but mailroom clerk [Defendant] Ms. Locke refused to mail out multiple legal/privileged mail correspondences of [Plaintiff's]." *Id.*

Based on these allegations, Plaintiff argues his "life is in imminent physical danger of serious injury" and asks the Court to be permitted to proceed *in forma pauperis* due to his "extraordinary circumstances of life in danger." ECF Doc. 2 at 1–2. He also asks the Court to contact the U.S. Marshal's Office and the FBI "for safety concerns immediately." *Id.* at 2.

## II. THE "THREE-STRIKES" PROVISION OF THE PRISON LITIGATION REFORM ACT ("PLRA"), 28 U.S.C. § 1915(g)

Because Plaintiff is a prisoner seeking relief against government employees, his claims are governed by the Prison Litigation Reform Act, 28 U.S.C. § 1915 ("PLRA"). Under the PLRA, a prisoner who has filed at least three (3) cases which have been dismissed for failure to state a claim or as frivolous or malicious, may not proceed *in forma pauperis* absent a showing of imminent danger. Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of the action, without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit.").

The sole exception to the "three strikes" rule requires a prisoner to demonstrate he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). "To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). Plaintiff must allege

"specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Allegations that "describe[ ] merely a hypothetical or speculative danger and fail[ ] to suggest that any specific threat has been made against plaintiff" are also insufficient. *Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (citing *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) (plaintiff's "vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury") and *Welch v. Selsky*, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("[t]he imminent danger an inmate faces ... must be real, and not merely speculative or hypothetical")).

### III. APPLICATION TO PLAINTIFF

The Court takes judicial notice of the following cases filed by Plaintiff as a prisoner, and which were dismissed on one of the grounds set forth in 28 U.S.C. § 1915(g): *Smith v. Hawkins*, No. 5:15cv119-WTH-PRL, ECF Docs. 10–11 (M.D. Fla. Aug. 26, 2015) (dismissing plaintiff's civil rights action, which was filed while he was incarcerated, as malicious for plaintiff's abuse of the judicial process); *Smith v. Berch*, No. 3:15cv156-MCR-CJK, 2015 WL 2372930, at *3 (N.D. Fla. May 18, 2015) (same); *Smith v. Berch*, No. 3:15cv97-LC-CJK, ECF Docs. 4–6 (N.D. Fla. Apr. 28, 2015) (same); *Smith v. Berch*, No. 3:14cv39-LC-CJK, 2014 WL 537557, at

\*3 (N.D. Fla. Feb. 11, 2014) (same).[5]  Each case bears Plaintiff's name and Florida Department of Corrections inmate number, J00082.  Thus, Plaintiff is a 3-striker and may not proceed *in forma pauperis*, unless he can show he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Plaintiff, however, has not made such a showing.

First, the majority of events complained of by Plaintiff occurred in the past.  Past allegations of imminent danger, however, are insufficient to invoke imminent harm exception.  *Daker*, 999 F.3d at 1310–11; *O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 804 (11th Cir. 2016) (holding that a past threat of serious physical injury is insufficient to plead imminent danger).

Second, the matters complained of, such as false disciplinary reports, being denied services, interference with legal access to the courts, being held in self-harm observation, being harassed, discriminated against, verbally threatened, or "falsely imprisoned," simply do not show Plaintiff is at serious risk for imminent physical harm.  *See Veteto v. Clerks, Judges & Justs. of Alabama Cts.*, 2017 WL 6617051, at \*3 (M.D. Ala. Oct. 19, 2017), *report and recommendation adopted*, 2018 WL 1004486 (M.D. Ala. Feb. 21, 2018) ("To hold that amorphous claims relating to a

---

[5] Plaintiff also filed the following federal cases, which were dismissed under the "three-strikes" provision, 28 U.S.C. § 1915(g):  *Smith v. Coe*, No. 3:16cv1129-TJC-JBT, ECF Docs. 7–8 (M.D. Fla. Sep. 26, 2016); *Smith v. Barton*, No. 3:16cv1075-BJD-JBT, ECF Docs. 5–6 (M.D. Fla. Aug. 26, 2016); *Smith v. Berch*, No. 3:15cv236-LC-CJK, ECF Docs. 4–6 (N.D. Fla. July 7, 2015); *Smith v. Donaldson*, No. 3:15cv716-HLA-JK, ECF Docs. 3–4 (M.D. Fla. June 22, 2015); *Smith v. Pendleton*, No. 6:15cv837-GKS-KRS, ECF Docs. 6–7 (M.D. Fla. June 22, 2015).

prisoner's conditions of confinement render an inmate in 'imminent danger of serious physical injury' would eviscerate the three strikes provision."). Indeed, nowhere in Plaintiff's complaint or motion does he allege he has suffered any physical injuries while at Santa Rosa CI. Regardless, Plaintiff does not provide any details about how he was threatened or harassed, or what the threat was. *See Cole*, 2009 WL 3668094, at *2; *Dice v. Inch*, No. 3:20CV5777-LC-HTC, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020), *report and recommendation adopted*, No. 3:20CV5777-LC-HTC, 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020).

Third, Plaintiff's allegations of potential future harm, namely that Defendants "continue to attempt to trick [Plaintiff] out of [his] cell to be forced to another unauthorized housing unit at Santa Rosa C.I. Annex to be starved [and] abused again," or "stabbed" are vague and conclusory, and thus insufficient to trigger the imminent danger exception. *See Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) ("general or conclusory allegations Plaintiff has been threatened at undisclosed times are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (citation omitted); *Porter v. Inch*, 4:20cv230-MW, 2020 WL 4018612, at *6 (N.D. Fla. June 19, 2020) (dismissing action under 1915(g) because plaintiff

provided no specific facts to show that being labeled a "snitch" put him in imminent danger).

Indeed, Plaintiff does not allege he was previously stabbed or assaulted and, thus, any purported fear of a future stabbing is simply not grounded in facts, as necessary to show a serious physical injury is imminent. *See Coleman v. Department of Corrections,* 2008 WL 2474635, at *3 (N.D. Fla. June 13, 2008) (plaintiff's allegations that he was assaulted "more than once" and fearing for his safety were not grounded in specific facts indicating serious physical injury was imminent). Instead, he loosely suggests a high-level conspiracy to "hide" and "kill" Plaintiff for the sole purpose of suppressing his state-court appeal. Such fanciful allegations cannot support a finding of imminent harm to Plaintiff. *See, e.g.*, *Brinson v. Townsend,* 2015 WL 2378940, at *1 (S.D. Ga. May 15, 2015) ("allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm").

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis*, ECF Doc. 2, is DENIED.

And it is respectfully RECOMMENDED that:

1.     This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee and has not shown he is in imminent danger of serious physical injury.

2.     The clerk be directed to close this file.

At Pensacola, Florida, this 30th day of November, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.